| | |
|---|---|
| **JOHN RICHARD LAMM,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE** |
| ) | **ORDER** |
| ) | |
| **BRANCH BANKING AND TRUST** ) | |
| **COMPANY, SCOTT P. EVANS, and** ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendants. ) | |

**WHEREAS,** in this action, plaintiff John Richard Lamm ("plaintiff"), a former employee of defendant Branch Banking and Trust Company ("BB&T"), asserts claims for tortious interference with contract, tortious interference with economic relations, civil conspiracy, wrongful attachment, malicious prosecution, and negligent hiring, supervision and retention;

**WHEREAS,** discovery sought in this action may require the production of certain confidential and proprietary information, such as, but not limited to, personnel records of BB&T's employees, BB&T's business records, and BB&T's compilation of customer data;

**WHEREAS,** plaintiff and defendants have agreed to the entry of this Order which will properly balance the discovery rights of plaintiff against the rights of BB&T to protect its confidential personnel information and proprietary business information, and

there is good cause for the issuance of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** as follows:

1. <u>General Scope</u>. This Order governs the use of all produced documents, deposition transcripts and any other information, objects, or things which have been or will be produced or received by any party, non-party or witness during pretrial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any copies, abstracts, digests, notes and summaries thereof. These materials are collectively referred to herein as "Discovery Materials." Subject to the terms of this Order, all Discovery Materials received shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose.

2. <u>Designation as Confidential</u>. The producing person may designate as Confidential any Discovery Material, which the person believes in good faith contains confidential information. All Discovery Material so designated shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that the designating person may, in writing and without Court approval, agree to release any of the confidential information from the requirements of this Order.

3. <u>Procedure for Designation</u>. In the case of documents, the producing person shall mark the document with the word "Confidential," or by otherwise notifying counsel for the parties in writing of the designation. In the case of deposition transcripts and exhibits, the confidential portion of the transcript or exhibit shall designated by notifying

counsel for the parties in writing of the designation within 20 days of receipt of the deposition transcript. All deposition testimony shall be treated as confidential during this 20-day period. In the case of a response to an interrogatory or request for admission, the confidential portion of the response shall designated by prefacing that portion with the word "Confidential."

4. <u>Challenging Designation</u>. In the event any party disagrees with the designation of any Discovery Materials as Confidential, counsel shall attempt to resolve the dispute on an informal basis. If an agreement is not reached, counsel seeking to retain the confidential designation must bring the issue before the Court within 20 days of receipt of any objection. The Discovery Material will be treated as Confidential pending resolution of the dispute. Nothing in this paragraph alters the burden associated with a party seeking to file Discovery Materials in the public record which has been designated as Confidential. *See* Paragraph 9 *infra*.

5. <u>Restricted Use of Discovery Materials Designated as Confidential</u>.

(a) Discovery Material designated as Confidential shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals under the following conditions:

(1) The Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(2) Counsel for the parties, their staff members, their professional and para-professional employees who have a need to handle the material;

(3) The parties, including BB&T's agents who have a need to know the information for purposes of this litigation;

(4) Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial);

(5) Any experts or service contractors (*e.g.*, court reporters or outside photocopying or imaging services) engaged by the parties regarding this action; or

(6) By mutual consent.

(b) The foregoing restrictions shall not apply to the extent that the designated information:

(1) Was known to the receiving party at the time of its disclosure by the producing person, and can be demonstrated as such;

(2) Is now, or later becomes, available to the public (*e.g.*, during any trial) or the receiving party through means other than disclosure which violates this Order; or

(3) Has been requested by a lawful subpoena or other compulsory process, provided that notice shall be given to the producing person before the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which Discovery Material designated as Confidential are sought.

6. <u>Acknowledgment of Order</u>.  Any person who will receive Discovery Materials designated as Confidential pursuant to Paragraph 5(a) (4), (5) or (6) above, must execute a form as is attached hereto as Exhibit A prior to the disclosure.  Counsel shall keep a record of all persons to whom disclosures are made. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive Discovery Materials designated as Confidential pursuant to Paragraph 5(a) (2) or (3) above have knowledge of the terms of this Order and agree to be bound by them.  Each person who receives Discovery Materials irrevocably submits himself or herself to the personal jurisdiction of this Court for the enforcement of this Order.  Any person breaching the provisions of this Order is subject to the contempt powers of this Court.

7. <u>Inadvertent Disclosure</u>.  In the event a person inadvertently produces Discovery Materials which should have been, but were not, designated "Confidential," the person may designate such materials as "Confidential" by notifying counsel of the error before the close of discovery.  The parties will then treat these materials as if they had been designated "Confidential" when they were first produced.

8. <u>Disclosure of Privileged Discovery Materials</u>.  The production of Discovery Materials that a person contends is protected from disclosure by the attorney-client privilege or as constituting attorney work product does not waive the privilege as to other privileged information. Discovery Materials that a person claims are privileged can be snapped back as soon as it is discovered they were produced without any need to show the production was inadvertent. Pursuant to Fed. R. Evid. 502(d), the privilege or

5

protection is not waived by disclosure connected with this action pending before the Court.

9. <u>Use of Discovery Materials Designated as Confidential</u>. Nothing in this Order shall prevent the use by a party of Discovery Materials designated as Confidential in pre-trial proceedings in this action, including motion papers, affidavits, briefs, deposition testimony and other documents filed with the Court so long as confidentiality of such information is protected in accordance with this Order. To the extent any Discovery Material designated as Confidential is filed with the Court, counsel filing the material shall file it under seal in accordance in accordance with Local Rule 79.2.

To the extent not inconsistent with Local Rule 79.2, each time a party seeks to file under seal Discovery Material designated as Confidential, the motion to seal must be accompanied by a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, the party must set out such findings in a proposed order to seal for the Court's consideration.

10. <u>Preservation of Rights</u>. None of the provisions of this Order shall:

(a) Prejudice the right of any party to object to discovery on other grounds;

(b) Operate as an admission by any party that any particular Discovery Material contains or reflects any confidential information; or

(c) Be construed as a restriction on the use or disclosure of the information in the Discovery Materials by the person who supplied the information, or otherwise limit the ability of a person to publicly disclose its own confidential information.

11. <u>Return of Discovery Materials</u>.

(a) Within ninety (90) days following the final termination of this case and any related appeals, the Defendants shall collect together their copies of all Discovery Materials produced by the plaintiff. These copies shall be either destroyed or maintained by the Defendants' counsel and/or BB&T's counsel in confidence consistent with the restrictions of this Order, which shall continue in full force and effect after the termination of this litigation, including all appeals.

(b) Within ninety (90) days following the final termination of this case and any related appeals, plaintiff's counsel shall collect together the plaintiff's copies of all Discovery Material produced by the Defendants. These copies shall be either destroyed or maintained by the plaintiff's counsel in confidence consistent with the restrictions of this Order, which shall continue in full force and effect after the termination of this litigation, including all appeals.

12. <u>Modification</u>.  Any party may move the Court to modify this Order for good cause shown.

13. <u>Effective Date and Survival</u>.  This Order shall become effective as a stipulation between the parties immediately upon the commencement of discovery (*i.e.*, Rule 26 Initial Disclosures) by counsel for the parties, notwithstanding the pendency of approval by the Court.  This Order shall survive the final adjudication of this action.  This Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

**IT IS SO ORDERED**


DATE:  July  22, 2015

_____
LOUISE W. FLANAGAN, U.S. District Judge

AGREED TO BY:

| Counsel for the Defendants | Counsel for the Plaintiff |
|---|---|
| /s/Michael C. Lord | /s/Mary-Ann Leon (with permission) |
| MICHAEL C. LORD | MARY-ANN LEON |
| N.C. Bar No. 15966 | N.C. Bar No. 26476 |
| Williams Mullen | The Leon Firm, P.C. |
| 301 Fayetteville St. | P.O. Box 20338 |
| Raleigh, NC 27601 | Greenville, NC 27858 |
| (919) 981-4000 | (252) 830-5366 |
| Email: mlord@williamsmullen.com | Email: maleon@leonlaw.org |

# EXHIBIT A
## Agreement to be Bound

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No. 4:14-CV-00219-FL

| | | |
|---|---|---|
| **JOHN RICHARD LAMM,** | ) | |
| | ) | |
| Plaintiff, | ) | **AGREEMENT TO BE** |
| | ) | **BOUND BY CONSENT** |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| **BRANCH BANKING AND TRUST COMPANY, SCOTT P. EVANS, and UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

The undersigned has read the Consent Protective Order entered in this action, understands its terms, and agrees to abide by its terms. The undersigned specifically agrees that any Discovery Materials disclosed to her/him shall be used only for the prosecution or defense of this action, that no Discovery Materials will be disclosed by her/him other than to persons designated in the Consent Protective Order, and that all Discovery Materials will be returned to counsel. The undersigned acknowledges that she/he is subject to the jurisdiction of the Court with regard to the Consent Protective Order and understands that violation of the Order shall subject her/him to such penalties, damages and other relief as may be permitted by law, and that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

This the _____ day of _____, 2015.

_____

(Signature)