IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:14-CV-219-FL

| | | |
|---|---|---|
| JOHN RICHARD LAMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BRANCH BANKING AND TRUST | ) | |
| COMPANY and SCOTT P. EVANS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion to strike defendants' notice of subsequently decided controlling authority, made pursuant to Local Rule 7.1(g). (DE 53, 52). Defendants have responded, and the issues raised are ripe for ruling. For the following reasons, the court grants plaintiff's motion.

**COURT'S DISCUSSION**

On February 9th, 2016, defendants filed a "Suggestion of Subsequently Decided Authority," with the intent of directing the court's attention to two "authorities". (DE-52). The first is an unpublished North Carolina Court of Appeals opinion. Solomon v. Scope Servs., Inc., No. COA15-851, 2016 WL 409808 (N.C. Ct. App. Feb. 2, 2016). The second is a complaint filed by the Federal Deposit Insurance Corporation ("FDIC"). In re Lamm, FDIC-12-052e/FDIC-12-053k/FDIC-15-274b (published Jan. 29, 2016).

Motion practice in this court is governed by Local Civil Rule 7.1. Rule 7.1, *inter alia*, sets forth requirements for filing suggestions of subsequently decided authority. In particular, that rule

permits filing of such a suggestion in the event of subsequently decided "controlling" authority. Local Civil Rule 7.1(g). In addition, Rule 7.1(g) requires that the suggestion be "without argument" and "contain only the citation to the case relied upon if published or a copy of the opinion if the case is unpublished. Id. Not only must the authority be "controlling", and presented "without argument", the text of Rule 7.1(g) makes it clear that only "cases" can be considered "controlling authority." Id.

Neither of the "authorities" cited by defendants in their suggestion are controlling, and the second is not even a case. Defendants recognize they are not controlling in their briefing, referring to the North Carolina Court of Appeals unpublished opinion as "technically not controlling authority" (DE 53 at 2), and the FDIC filing as "not controlling authority within the meaning of Local Civil Rule 7.1(g)." (Id. at 3). In addition, defendants' suggestion discusses the documents in question.

Therefore, because defendants' suggestion is not in compliance with the requirements of Rule 7.1(g)., the court grants plaintiff's motion to strike.

Defendants' response to the motion to strike "formally request[s] the court to judicially notice the FDIC complaint." (Id.). To the extent that defendants wish the court to take judicial notice of the FDIC proceedings, they may so formally move, pursuant to Federal Rule of Evidence 201.[1] Defendants may file such a motion within 14 days of the date of this order, and plaintiffs shall have 14 days thereafter to file a response. There shall be no replies.

---

[1] "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Evid. 201(e).

## CONCLUSION

Plaintiff's motion to strike (DE 53) is GRANTED. The clerk is DIRECTED to strike docket entry 52.

SO ORDERED, this the 30th day of March, 2016.

                                     _____
                                     LOUISE W. FLANAGAN
                                     United States District Judge