IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-219-FL

| | | |
|---|---|---|
| JOHN RICHARD LAMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON BILL OF COSTS** |
| | ) | |
| BRANCH BANKING AND TRUST | ) | |
| COMPANY and SCOTT P. EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the clerk on the motion for bill of costs [DE-65] filed by defendants Branch Banking and Trust Company and Scott P. Evans and the motion for disallowance of costs [DE-67] filed by plaintiff John Richards Lamm. Also before the clerk is the motion for extension of time [DE-72] filed by defendants. For the reasons stated below, the motion for extension of time [DE-72] is GRANTED, the motion for bill of costs [DE-65] is GRANTED in part and DENIED in part, and the motion for disallowance [DE-67] is GRANTED in part and DENIED in part.

**BACKGROUND**

On July 25, 2016, the court granted defendants' motion for summary judgment and entered judgment in their favor [DE-64]. Defendants' timely filed the motion for bill of costs [DE-65], and plaintiff timely filed a motion for disallowance of costs [DE-67]. Both motions were referred to the clerk on August 29, 2016. The next day, defendants filed an unopposed motion for extension of time to file a reply in support of their motion for bill of costs [DE-72].

## MOTION FOR EXTENSION OF TIME

Defendants seek a one-day extension of time to file a reply in support of their motion for bill of costs. Plaintiff does not oppose the motion. The motion [DE-72] is GRANTED, and the reply [DE-73] is deemed timely filed.

## MOTION FOR BILL OF COSTS

Defendants seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendants seek recovery of $4,357.35 from plaintiff.

1. Costs for printed or electronically recorded transcripts

More specifically, defendants seek $3,435.75 in costs associated with deposition transcripts and an electronic recording of a deposition. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Defendants seek recovery of their costs for five separate deposition transcripts and the costs for the videotaped deposition of plaintiff. The deposition transcripts all were cited by the parties in their respective motion for summary judgment filings.

Plaintiff contests this request on two grounds: (1) he contends that defendants should not be able to recover costs for both the deposition transcript and electronic recording of his deposition,

and (2) defendants should not recover the full costs of the Rule 30(b)(6) deposition because one of the designees was not best suited to answer questions on the topics designated by plaintiff, resulting in plaintiff's need to take a second Rule 30(b)(6) deposition.

As to plaintiff's first argument, a party may recover the costs of both stenographic transcription of a deposition and videographer services provided that the party shows that both costs were "necessarily obtained for use in the case." See Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999). Where a party notices a deposition to be recorded by both electronic and stenographic means, and the other party raises no objections at that time, the court will award the costs of both recordings. See Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 511 (E.D.N.C. 2012) (awarding the prevailing party costs of both audiovisual videotaping and stenographic transcript of depositions where the other party failed to object after receiving notice that both methods of recording would be used). Defendants noticed plaintiff's deposition, and specified it would be videotaped. See Motion for Bill of Costs, Ex. D [DE-65-4]. Plaintiff raised no objection. Defendants contend that the video recording of the deposition was necessary for use in the case because had the matter proceeded to trial, the video recording "effectively captured the Plaintiff's inability to provide explanations for a number of his action and other instances of cross-examination going to his credibility." Mem. in Support of Mot. for Bill of Costs [DE-66] ¶ 4. The clerk finds that both the deposition transcript and electronic recording of plaintiff's deposition were necessarily obtained for use in the case, and plaintiff's motion to disallow the cost of the video recording is DENIED.

Plaintiff's second argument regarding the costs of the Rule 30(b)(6) depositions raises equitable concerns that go beyond the clerks' authority in ruling on a motion for bill of costs. See Taniguchi v. Kan Pacific Saipan, Ltd., __ U.S. __, 132 S. Ct. 1997, 2006 (2012) (describing the

3

Case 4:14-cv-00219-FL   Document 75   Filed 12/20/16   Page 3 of 9

taxation of costs by the clerk as a "clerical matter").  Plaintiff may raise equitable arguments in a motion for the court to review the taxation of costs pursuant to Fed. R. Civ. P. 54.  Accordingly, plaintiff's motion to disallow a portion of the costs for the Rule 30(b)(6) depositions is DENIED without prejudice.

Nevertheless, the invoice submitted by defendants shows that defendants seek costs for more than one copy of the deposition transcript of plaintiff.  <u>See</u> Motion for Bill of Costs, Ex. D [DE-65-4] (listing an itemized charge for "ORIGINAL/COPY" of deposition of plaintiff).  This court has construed 28 U.S.C. § 1902 and Local Civil Rule 54.1 as not encompassing charges for multiple copies of a deposition.  <u>See</u> Local Civil Rule 54.1(c)(2)(b); <u>see</u> also <u>Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz</u>, No. 5:06-CV-160-D, 2012 WL 776945, at *5 (E.D.N.C. Mar. 8, 2012). The clerk is unable to determine the fee for just the original transcript from the invoice. Accordingly, the cost of the original and copy of plaintiff's deposition in the amount of $1,066.75 is disallowed, without prejudice to defendants to reapply for the cost of the original transcript with appropriate supporting document within 14 days of the filing date of this order.  Defendants are otherwise awarded $2,369.00 in costs pursuant to § 1920(2).[1]

    2.  <u>Costs of Making Copies Necessarily Obtained for Use in the Case</u>

Defendants also seek in $920.60 in costs for making copies of materials where the copies are necessarily obtained for use in the case, pursuant to § 1920(4). Specifically, defendants seek costs for copies, at a rate of 15 cents per page, of the following categories of materials: (1) copies of the state court pleadings filed by plaintiff; (2) copies of all documents filed in CM/ECF in this

---

[1] This amount includes $330.75 for a copy of the deposition transcript of Scott Evans; $337.50 for a copy of the deposition transcript of Russell Winiford "Danny" Daniels, Jr.; $470.25 for the deposition transcript of Lucinda Austin, Christopher Lee Bennett, Lisa Watson Goltermann, and Michelle Lynn Greene; $220.50 for the deposition transcript of Candace Beverly, Cameron Farmer, and Sandra Blanton; and $1,010.00 for the videotaped deposition of John Lamm.

4

Case 4:14-cv-00219-FL   Document 75   Filed 12/20/16   Page 4 of 9

action; (3) copies of documents exchanged in discovery, and (4) copies of case law and other authorities. Plaintiff contends that the per-page rate sought by the defendants is excessive, and that a substantial amount of the copy costs sought by defendants do not fall within the ambit of § 1920(4).

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har–Tzion v. Waves Surf & Sport, Inc., No. 7:08–CV–137–D, 2011 WL 3421323, at *3 (E.D.N.C. Aug. 4, 2011) (quoting Cherry, 186 F.3d at 449). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05–CV–55–D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (citing Bd. of Dirs. Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D. Va. 1991)). Accordingly, the cost of copies made solely for the convenience of counsel is generally not taxable under 28 U.S.C. § 1920(4). Fells v. Virginia Dept. of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n. Inc., 158 F.R.D. 364, 372 (D. Md. 1994)). "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." Kelley v. Int'l Bhd. of Teamsters, Local Union 71, No. 4:11–CV–1268–RBH, 2014 WL 1366038, at *3 (D.S.C. Apr. 7, 2014) (quoting Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 563 (E.D. Va. 2010)).

Plaintiff challenges the per-page-rate defendants seek for their copying costs, 15 cents per page. Plaintiff contends that the "rate ordinarily applied" is 10 cents per page, citing a case from the Western District of Virginia, and suggesting that any higher rate is unreasonable. See Motion for Disallowance of Costs [DE-68] at 9 (citing Hanwha Azdel, Inc. v. C&D Zodiac, Inc., NO.

5

6:12-cv-23, 2015 U.S. Dist. Lexis 39329 at *29 (W.D. Va. Feb. 18, 2015)). Defendants, however, contend the requested rate is appropriate, as it is the actual rate its counsel charges clients for copies. Courts within the Fourth Circuit and elsewhere have determined that rates higher than 10 cents per page are reasonable, especially when charged for in-house copies. See Hexion Specialty Chems. Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *5 (E.D.N.C. June 27, 2012) (rejecting rule that charges for in-house copies may not exceed the charges of an outside printshop); Ramonas v. West Virginia Univ. Hospitals-East, Inc., Civil Action No. 3:08-CV-136, 2010 WL 3282667, at *7 (N.D. W.Va. Aug. 19, 2010) (recognizing that a law firm's in house rate may be higher than rates of a commercial copy center and finding that 20 cents per page to be reasonable); Byrd v. Auburn Univ., No. CIV.A. 2:05CV835-CSC, 2007 WL 1441161, at *1 (M.D. Ala. May 16, 2007) (awarding costs for copies at 15 cents per page). The undersigned finds the requested rate to be reasonable.

Plaintiff next argues that defendants are not entitled to recover their costs of copying the state-court pleadings served up on them. In their motion for bill of costs, defendants contend they intended to use the copies as exhibits for filing of a notice of removal in this court, but the United States acted first in filing the notice of removal. The undersigned finds this satisfies the requirement that the copies be obtained for use in the case, and not solely for the convenience of counsel. Defendants' request for costs in the amount of $2.70 for copying the state-court pleadings is therefore allowed.

Plaintiff also contests defendant's request for costs for copying all documents filed in CM/ECF in this action. As plaintiff notes, each document filed in CM/ECF in this action was either filed by defendants themselves, or served on defendants by U.S. Mail or electronically. Defense counsel's decision to print copies of these documents can only be characterized as for the

6

convenience of counsel. See Kelly, 2014 WL 1366038, at *3 (denying prevailing party's requests for copying costs where the copied documents were electronically filed by the prevailing party). The request for costs for copying the pleadings in this case is therefore disallowed.

Defendants also seek costs in the amount of $530.40 for copying documents exchanged in discovery. Of these costs, plaintiff challenges defendants' requests for the costs for copying plaintiff's discovery responses and discovery production. Plaintiff states that he served his discovery responses on defendants in paper form, and served his production in electronic format, pursuant to the parties' agreement which was adopted by the court. See February 24, 2015 Order [DE-23] at ¶I.D ("The court considered and incorporates herein the parties' agreements regarding deposition guidelines and schedules, and electronically stored information, as set forth in the parties' joint report and plan."); Joint Rule 26(f) Report [DE-22] at ¶ 3(l) ("The parties agree to scan paper documents into electronic format as set forth above if practicable; otherwise, the parties shall attempt to reach agreement regarding an alternate format of production, including without limitation making paper documents available to the requesting party for scanning at the requesting party's expense."). Plaintiff asserts that any copies were consequently made for the convenience of counsel. Defendants confirm that plaintiff served his discovery responses in paper form and his production in the requested electronic format, but contend that documents from these materials were used in depositions or as exhibits in the summary judgment proceedings. Defendants' request as to copying costs for items exchanged in discovery, however, spans well over 1300 pages, and does not appear to be limited to documents copied as exhibits for use in the depositions or in summary judgment briefing. The undersigned is unable to discern from this record which of these copies were necessarily obtained for use in the case, and which were made for the convenience of counsel. See Boykin Anchor Co., Inc. v. AT&T Corp., No. 5:10-CV-591-FL, 2014 WL 4798726,

7

at *4 (E.D.N.C. Sept. 26, 2014) (declining to award costs in the absence of adequate and appropriate documentation). The request for costs for copying plaintiff's discovery responses and production is therefore disallowed, and defendants are awarded only $325.20 for costs for copying documents exchanged during discovery.

Finally, defendants also seek costs in the amount of $126.15 "associated with copying case law and other authorities in support of their legal position taken in this action." Mem. in Support of Mot. for Bill of Costs [DE-66] ¶ 6(d). Defendants contend the "copies were made contemporaneously with the various events of the litigation," and cite to docket entries. None of the docket entries cited by the defendants, however, contain exhibits with case law or other legal authorities, nor does it appear that defendants made the copies of the legal authorities in order to provide copies to opposing counsel or the court. This leads to the conclusion that the copies were made for the convenience of counsel. Moreover, as plaintiff argues, as a general proposition the cost of legal research is not a recoverable cost under § 1920. See Christian v. Vought Aircraft Indus., Inc., No. 5:09-CV-186-FL, 2010 WL 5477235, at *2 (E.D.N.C. Dec. 29, 2010) ("Although computerized legal expenses may be considered part of an award of 'attorney's fees,' they are not 'costs' under § 1920."). Consequently, the request for costs for copying legal authorities is disallowed.

In sum, defendants are awarded $327.90 for costs for making copies of materials where the copies are necessarily obtained for use in the case, pursuant to § 1920(4).

## CONCLUSION

In summary, defendants' motion for extension of time [DE-72] is GRANTED, the motion for bill of costs [DE-65] is GRANTED in part and DENIED in part, and the motion for disallowance [DE-67] is GRANTED in part and DENIED in part. As the prevailing party,

defendants Branch Banking and Trust Company and Scott P. Evans are awarded (1) $2,369.00 in transcript and recording costs pursuant to § 1920(2) and (2) $327.90 for costs for making copies of materials where the copies are necessarily obtained for use in the case, pursuant to § 1920(4). Total costs in the amount of $2,696.90 are taxed against plaintiff and shall be included in the judgment. Within 14 days of this order, defendants may reapply for costs for the deposition transcript of plaintiff with adequate documentation as specified herein.

    SO ORDERED. This the 20th day of December, 2016.

*[signature]*

Julie Richards Johnston
Clerk of Court